IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| QUINTON T. JONES, | § | |
| | § | No. 228, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1502002252 (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 23, 2017
Decided: September 5, 2017

Before **STRINE**, Chief Justice; **VALIHURA**, and **SEITZ**, Justices.

## **ORDER**

This 5th day of September, 2017, after reviewing the briefs and record on appeal, it appears to the Court that:

(1) On February 10, 2016, a jury found Quinton Jones guilty of two counts of rape in the first degree and unlawful sexual contact in the first degree. The Superior Court judge sentenced Jones as an habitual offender to a life sentence for each of the counts of rape first degree, and eight years at Level V incarceration suspended for eight years at Level III probation for unlawful sexual contact first degree. The victim was an eight-year-old girl. Jones is the brother of the victim's

stepmother, and had been living in a camper on the family's property when the incidents occurred in 2014.

(2)    In this direct appeal, Jones claims that the prosecutor improperly vouched for a witness at trial, and the trial judge compounded the error by giving an unsolicited curative instruction striking the witness's testimony as irrelevant. Jones asks us to overturn his convictions and order a new trial.

(3)    Jones did not raise either ground for error with the Superior Court. Thus, we review for plain error.[1] Our review of the record shows no plain error occurred and Jones had a fair trial. The prosecutor did not vouch for the witness, who was Jones's cellmate. The prosecutor simply asked the witness about a conversation Jones and the witness had relating to the crime. Further, although the trial judge ended up striking the testimony as irrelevant, the trial judge's instruction redounded to Jones' benefit by directing the jury not to consider the testimony. Thus, Jones did not suffer prejudice from the trial judge's instruction.

NOW THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[1] *Spence v. State*, 129. A.3d 212, 218 (Del. 2015).

2